United States District Court

Eastern District of Wisconsin

Michael Green, Plaintiff

V.

EL Rey Holdings INC, Defendant

**U.S. DISTRICT COURT EASTERN DISTRICT - WI FILED 2026 FEB 13 P 3:30 CLERK OF COURT**

**26-C-245**

**I. JURISDICTION AND VENUE**

1. This matter concerns conduct that implicates federal civil rights protections, including rights secured under 42 U.S.C. § 1981, Title II of the Civil Rights Act of 1964, and Title VI of the Civil Rights Act of 1964.
2. The events described herein occurred within the geographic boundaries of the State of Wisconsin.
3. The conduct at issue took place at a retail establishment open to the general public and operating within the jurisdiction where the events occurred.
4. El Rey accepts EBT/SNAP benefits, which constitute federal financial participation, thereby bringing the entity within the scope of Title VI obligations.
5. The discriminatory and retaliatory conduct described in this notice arises under federal law, and the facts presented involve federally protected rights related to equal access, nondiscrimination, and the ability to make and complete retail transactions.

**II. PARTIES**

1. The complainant is an individual consumer who regularly shops at the El Rey location referenced in this notice and resides within the geographic area where the events occurred.
2. El Rey is a retail grocery business operating multiple locations within the State of Wisconsin and is open to the general public.
3. The El Rey location at issue is a public-facing retail establishment that provides goods and services to customers and maintains security personnel and cashier staff responsible for customer interaction and enforcement of store policies.
4. El Rey accepts EBT/SNAP benefits as a form of payment, thereby participating in programs involving federal financial assistance.
5. The security guard referenced in this notice was acting within the scope of his duties as an employee or agent of El Rey at the time of the events described.
6. The cashier staff referenced in this notice were acting within the scope of their employment at the time they refused to allow manual card entry.

## III. STATEMENT OF FACTS

1. The complainant is a regular customer of the El Rey location referenced in this notice and has frequented the store over an extended period without prior incident.
2. El Rey maintains a policy requiring customers with bookbags to leave them at the front desk while shopping. The complainant has consistently complied with this policy during every visit.
3. On the date of the incident (December 2025), upon entering the store, the complainant was addressed by the security guard in an aggressive and disrespectful tone regarding the bookbag policy.
4. The complainant complied with the instruction to leave the bag at the front desk and verbally addressed the guard's tone without raising his voice or escalating the situation.
5. After the complainant completed shopping and approached the exit, the same security guard initiated contact by placing his arm around the complainant's shoulder.
6. While maintaining physical contact, the guard made a mocking statement that included the N-word, delivered in a tone and manner imitating the complainant.
7. The guard's statement, tone, and physical contact created a racially hostile and uncomfortable environment.
8. For approximately two months prior to this incident, the complainant had been manually entering his card number at checkout due to a damaged physical card.
9. Multiple cashiers at the same El Rey location had consistently permitted manual card entry during this period without objection or reference to any policy prohibiting it.
10. On the same day as the racial incident, the complainant successfully completed a purchase using manual card entry without issue.
11. When the complainant returned to the store shortly after the incident with the guard, he attempted to complete a purchase using the same manual card entry method.
12. During this subsequent visit, the cashier abruptly refused to allow manual card entry and instructed the complainant to "talk to the manager."
13. No explanation, written policy, or change in procedure was provided to justify the sudden refusal of a payment method that had been accepted for months.
14. The refusal occurred immediately after the complainant had addressed the guard's inappropriate conduct during the prior visit.
15. The timing of the refusal, combined with the guard's earlier conduct, indicates a pattern of selective enforcement and retaliatory treatment.
16. El Rey accepts EBT/SNAP benefits, which constitute federal financial participation.
17. The conduct described above occurred while the complainant was attempting to shop and complete retail transactions at a public-facing business open to the general public.

## IV. FEDERAL RIGHTS IMPLICATED

1. The conduct described in this notice implicates rights secured under **42 U.S.C. § 1981**, which guarantees all persons within the jurisdiction of the United States the same right to make and enforce contracts as is enjoyed by white citizens.

2. Section 1981 protects the ability to enter into, perform, and complete retail transactions without discrimination based on race or color. It further prohibits retaliatory conduct taken in response to an individual's opposition to discriminatory treatment.
3. The events described herein also implicate protections under **Title II of the Civil Rights Act of 1964**, which prohibits discrimination on the basis of race, color, religion, or national origin in places of public accommodation.
4. Retail grocery establishments open to the general public fall within the categories of businesses subject to Title II's nondiscrimination requirements.
5. The conduct of the security guard, including the use of a racial slur and mocking behavior, occurred within a public-facing retail environment and during the complainant's attempt to access goods and services.
6. The abrupt refusal to allow manual card entry—after months of consistent acceptance—occurred immediately following the racially charged incident and constitutes conduct relevant to the protections afforded under federal civil rights statutes.
7. The events further implicate **Title VI of the Civil Rights Act of 1964**, which prohibits discrimination on the basis of race, color, or national origin by entities receiving federal financial assistance.
8. El Rey accepts **EBT/SNAP benefits**, which constitute federal financial participation, thereby subjecting the business to Title VI's nondiscrimination obligations.
9. The combination of racially hostile conduct by an employee and subsequent selective or retaliatory treatment in the provision of services raises concerns under the federal statutory framework described above.

## V. CAUSES OF ACTION

**Count I – Violation of 42 U.S.C. § 1981 (Race Discrimination in Contracting)**

1. Section 1981 guarantees all persons within the United States the same right to make and enforce contracts as is enjoyed by white citizens, including the right to enter into, perform, and complete retail transactions.
2. The complainant alleges that he attempted to engage in a routine retail transaction at El Rey using a payment method that had been consistently accepted for approximately two months.
3. The complainant alleges that during this visit, the security guard engaged in racially hostile conduct, including making a mocking statement containing a racial slur while placing an arm around the complainant's shoulder.
4. The complainant alleges that immediately following this racially charged interaction, El Rey staff abruptly refused to allow him to complete a purchase using the same manual card entry method previously permitted.
5. The complainant alleges that no legitimate, neutral explanation was provided for the sudden refusal, and that the timing of the refusal occurred directly after he addressed the guard's inappropriate conduct.
6. The complainant alleges that this sequence of events interfered with his ability to make and enforce a contract on the same terms as other customers and on the same terms he had previously been afforded.

7. The complainant alleges that the discriminatory and hostile conduct described above constitutes interference with his federally protected right to make and enforce contracts under 42 U.S.C. § 1981.

**Count II – Violation of 42 U.S.C. § 1981 (Retaliation)**

1. Section 1981 prohibits retaliation against individuals who oppose or speak out against discriminatory treatment in the making and enforcement of contracts.
2. The complainant alleges that he verbally addressed the security guard's inappropriate and racially hostile conduct after complying with the store's bookbag policy.
3. The complainant alleges that immediately after addressing the guard's conduct, El Rey staff refused to allow him to complete a purchase using manual card entry, despite having permitted this method for approximately two months.
4. The complainant alleges that the refusal occurred without any explanation, policy citation, or neutral justification, and that the timing directly followed his objection to the guard's racially charged behavior.
5. The complainant alleges that this sudden change in treatment was motivated by retaliation for his opposition to discriminatory conduct.
6. The complainant alleges that the retaliatory refusal to process his payment interfered with his ability to make and enforce a contract on equal terms, implicating the protections of § 1981.

**Count III – Violation of Title II of the Civil Rights Act of 1964 (Public Accommodations Discrimination)**

1. Title II prohibits discrimination on the basis of race or color in places of public accommodation, including retail establishments open to the general public.
2. The complainant alleges that the security guard, acting within the scope of his duties, placed an arm around the complainant's shoulder and made a mocking statement containing a racial slur.
3. The complainant alleges that this conduct created a racially hostile and humiliating environment during his attempt to access goods and services at the store.
4. The complainant alleges that the hostile conduct was followed by selective and inconsistent enforcement of payment procedures, including the sudden refusal to allow manual card entry.
5. The complainant alleges that these actions interfered with his full and equal enjoyment of the goods, services, and privileges offered by the establishment.
6. The complainant alleges that the discriminatory treatment described above constitutes conduct relevant to the protections afforded under Title II.

**Count IV – Violation of Title VI of the Civil Rights Act of 1964 (Discrimination by Federally Funded Entity)**

1. Title VI prohibits discrimination on the basis of race or color by entities receiving federal financial assistance.
2. The complainant alleges that El Rey accepts EBT/SNAP benefits, which constitute federal financial participation and bring the business within the scope of Title VI obligations.
3. The complainant alleges that the security guard's racially hostile conduct, including the use of a racial slur, occurred while he was attempting to shop at a federally supported establishment.
4. The complainant alleges that the subsequent refusal to allow manual card entry—after months of consistent acceptance—occurred immediately following his objection to the guard's conduct.
5. The complainant alleges that the combination of racially hostile treatment and retaliatory denial of service constitutes discriminatory conduct by an entity receiving federal financial assistance.
6. The complainant alleges that these actions interfered with his ability to access services on equal terms, implicating the protections of Title VI.

## VI. PRAYER FOR RELIEF

The complainant respectfully requests that, upon proper presentation of the facts and legal claims, the Court grant the following relief:

1. **Declaratory Relief**
   The complainant alleges that he is entitled to a declaration that the conduct described in this complaint constitutes unlawful discrimination and retaliation under the federal statutes identified herein.
2. **Injunctive Relief**
   The complainant alleges that he is entitled to injunctive measures requiring El Rey to implement appropriate policies, training, and oversight to prevent discriminatory and retaliatory conduct by employees and agents.
3. **Compensatory Damages**
   The complainant alleges that he is entitled to compensation for the emotional distress, humiliation, inconvenience, and disruption caused by the discriminatory and retaliatory actions described in this complaint. These damages total $75,000
4. **Punitive Damages**
   The complainant alleges that he is entitled to punitive damages under 42 U.S.C. § 1981 based on the intentional, reckless, and egregious nature of the conduct described. These damages total $80,000
5. **Costs and Attorney's Fees**
   The complainant alleges that he is entitled to recover the costs of this action, including reasonable attorney's fees, pursuant to applicable federal civil rights statutes.
6. **Any Further Relief Deemed Just and Proper**
   The complainant alleges that he is entitled to any additional relief the Court deems appropriate based on the facts and circumstances presented.

## VII. JURY DEMAND

The complainant hereby demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted,

Michael Green

312 E 18th St.

Lumberton, NC 28358

336greenmike@gmail.com