# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL GREEN,**

    **Plaintiff,**

  **v.**                                   **Case No. 26-CV-245**

**EL REY HOLDINGS, INC.,**

    **Defendant.**

## ORDER

Michael Green, who is representing himself, renews his request for permission to file materials with the Court electronically. (Docket # 22.) I denied Green's previous request on the grounds that his motion consisted of a single sentence stating, "official request to for [sic] electronic filing for this case" without further explanation as to why electronic filing should be granted. (Docket # 5 at 7.)

As I previously stated, General Local Rule 5(a)(2) exempts *pro se* parties from the district's electronic filing requirements. (*Id.*) The district's policies and procedures regarding e-filing further provide that *pro se* parties "cannot file electronically unless authorized by the court." United States District Court for the E.D. Wis. Electronic Case Filing Policies and Procedures Manual, Section I(a)(1), *available at* https://www.wied.uscourts.gov/e-filing/ecf-policies-and-procedures#In%20General. "This policy exists to spare the Court Clerk and her busy staff the burden of educating and correcting *pro se* filers, who are not regular users of the Court's electronic filing system." *Klein v. McDonough*, No. 23-CV-1231, 2025 WL 445219, at *1 (E.D. Wis. Feb. 10, 2025). Thus, this Court "does not grant self-represented parties leave

to file electronically absent extraordinary circumstances." *Hobbs v. Willis*, No. 22-CV-467, 2022 WL 1692062, at *1 (E.D. Wis. May 26, 2022).

In his renewed motion, Green asserts that such extraordinary circumstances exist in this case. He states that he currently resides in El Paso, Texas[1], and the physical distance between his residence and Milwaukee creates a significant, multi-day delay in the transit of the physical mail. (Docket # 22 at 2.) Green states that physical mail from Wisconsin to Texas often takes five to six days to arrive, with the return of mail from Texas to Wisconsin taking another five to six days. (*Id.*) Thus, Green argues that for a 14-day response deadline, he is left with only two to four days to actually receive, review, research, and draft a response. (*Id.*)

Green further argues that he is highly technologically proficient and possesses the necessary hardware and software to comply with the requirements of the CM/ECF system. (*Id.*) He states that he is an experienced user of PACER, routinely conducts complex legal research, and is fully capable of adhering to the Court's electronic filing policies without imposing any administrative strain on court staff. (*Id.*) Green contends that his request is not "born of convenience, but of the logistical necessity required to effectively prosecute this federal action." (*Id.* at 1.)

While courts in this district have found that a plaintiff's "concerns about U.S. Postal Service delivery of documents do not constitute extraordinary circumstances," *Hobbs*, 2022 WL 1692062, at *2, e-filing was allowed in a situation where the *pro se* plaintiff (who also happened to be an attorney), already had an e-filing account and was well versed in e-filing,

---

[1] While Green states in his motion that he currently resides in El Paso, Texas, his amended complaint, filed the same day as his e-filing motion, lists his address as Lumberton, North Carolina. (Docket # 21-1.)

2

*see Gorokhovsky v. State Pub. Def. Off.*, No. 20-CV-1098, 2021 WL 39544, at *2 (E.D. Wis. Jan. 5, 2021).

I will allow Green permission to electronically file in this case. Unlike in *Hobbs*, where the Plaintiff was generally concerned about the reliability of effective delivery through the U.S. Postal Service, Green asserts that waiting to receive pleadings through the mail unfairly shortens his time to research and respond to the pleadings. Further, while Green is not an attorney, he states that he is an experienced CM/ECF user, primarily through e-filing in cases in the Western District of Wisconsin, a district that allows *pro se* litigants to register for electronic filing. Green is reminded, however, that permission to use the electronic filing system may be withdrawn should Green abuse the privilege.

For these reasons, Green's Motion for Permission to File Electronically (Docket # 22) is granted. The Clerk's Office will send Green information regarding how to register to file electronically.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 25th day of June, 2026.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge