UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MICHAEL GREEN,**

**Plaintiff,**

**v.** **Case No. 26-CV-245**

**EL REY HOLDINGS, INC.,**

**Defendant.**

---

**ORDER GRANTING MOTION TO FILE SECOND AMENDED COMPLAINT**

---

Michael Green, who is representing himself, sued El Rey Holdings, Inc., for race discrimination and retaliation in violation of 42 U.S.C. § 1981; Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a; and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. (Compl., Docket # 1.) In a decision dated February 20, 2026, Green was allowed to proceed with his claims under § 1981 and Title VI; Green's Title II claim was dismissed without prejudice. (Docket # 5.) Green subsequently filed an amended complaint on June 15, 2026, again alleging race discrimination and retaliation under § 1981 (Counts I and II) and violations of Title II and Title VI of the Civil Rights Act of 1964 (Counts III and IV). (Docket # 21.)

On July 7, 2026, Green filed a motion for leave to file a second amended complaint, along with a proposed second amended complaint. (Docket # 26, Docket # 27.) Green stated that amendment was necessary to correct the corporate name of the Defendant and to "streamline" the litigation by removing Counts III and IV. (Docket # 27 at 1–2.) El Rey opposes Green's motion for leave to amend, arguing that the parties have agreed and will stipulate to substitution of El Rey Grocery, LLC, the proper legal entity, for El Rey Holdings,

Inc. as Defendant in this case. (Docket # 28 at 1–2.) El Rey further argues that the parties agree to the dismissal of Counts III and IV; thus, no amendment is necessary. (*Id.* at 2.) The parties filed their stipulation to substitute and to dismiss Counts III and IV on August 4, 2026. (Docket # 29.)

El Rey is incorrect as to the proper procedure. Under Rule 41(a), a plaintiff may voluntarily dismiss *an action* by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(ii). As the Seventh Circuit has explained, however, Rule 41(a) "does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case." *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001). The court of appeals has further noted that despite the "common practice" in some district courts "to allow the voluntary dismissal of individual claims under Rule 41(a)," it "remind[ed] judges to use Rule 15(a) instead." *Taylor v. Brown*, 787 F.3d 851, 858 n.9 (7th Cir. 2015).

Under Rule 15(a), a party may amend its pleading with the opposing party's written consent. Fed. R. Civ. P. 15(a)(1)(2). El Rey has provided its written consent to Green's proposed amendment through the filed stipulation. Thus, the proper procedure in this case is to grant Green's motion to file a second amended complaint. As such, Green's motion is granted (Docket # 27) and the proposed second amended complaint (Docket # 26) is now the operative complaint in this case.

The parties have stipulated to substituting El Rey Grocery, LLC for the incorrectly named Defendant, El Rey Holdings, Inc. (Docket # 29.) Thus, the caption is amended to name El Rey Grocery, LLC as Defendant in this case.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 6th day of August, 2026.

BY THE COURT:

______________________________
NANCY JOSEPH
United States Magistrate Judge